UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE J. HALL,

    Plaintiff,                                No. 16-12610

v.                                            District Judge Mark A. Goldsmith
                                                  Magistrate Judge R. Steven Whalen

AL COOPER and BELINDA ONIELLE,

    Defendants.
_____/

**ORDER FOR PLAINTIFF TO FILE MORE DEFINITE STATEMENT**

On July 13, 2016, Plaintiff Bruce J. Hall filed a *pro se* civil complaint that appears to arise out of the termination of his employment at the General Motors Corporation. He names as Defendants Al Cooper and Belinda Onielle.

The complaint [Doc. #1] is vague and unclear about the basis for federal jurisdiction. It appears that Mr. Hall was terminated based on his alleged failure of a drug test following a "last chance agreement." He cites 42 U.S.C. § 1981, 42 U.S.C. § 1983, and "Article 3 Section 2 Clause (1) Portal to Portal Act," and has appended genealogical material showing the descendants of Jean Baptiste Chevalier, who was born in 1677 in Montreal, Quebec. However, Mr. Hall does not state any *facts* that would support any federal claim. Moreover, he does not name Defendants Al Cooper or Belinda Onielle in the body of the complaint, much less set forth any *facts* showing how they violated any of his federally protected rights.

As such, Mr. Hall has run afoul of Fed.R.Civ.P. 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Rule 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief.

Fed.R.Civ.P. 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Pursuant to its supervisory power, a court may *sua sponte* order a more definite statement under Rule 12(e). *See Wagner v. First Horizon Pharmaceutical Corp.,* 464 F.3d 1273, 1275 (11th Cir.2006); *Foster v. Argent Mortg. Co., L.L.C.*, 2008 WL 5244383, \*5 (E.D.Mich. 2008).

Therefore, no later than NOVEMBER 28, 2016, Plaintiff Bruce Hall must file an amended complaint that complies with Rule 8(a). He must state, plainly and simply, what each Defendant did that was in violation of his federal rights, and what specific federal

rights he claims were violated.

If Mr. Hall does not comply with this order by submitting an amended complaint that complies with Rule 8(a), the Court may dismiss his complaint.

IT IS SO ORDERED.

                                                  s/R. Steven Whalen
                                                  **HON. R. STEVEN WHALEN**
                                                  UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 7, 2016, electronically and/or by U.S. mail.

                                                  s/Carolyn M. Ciesla
                                                  Case Manager to the
                                                  Honorable R. Steven Whalen