UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE J. HALL,

                Plaintiff,                           No. 16-12610

v.                                    District Judge Mark A. Goldsmith
                                          Magistrate Judge R. Steven Whalen

AL COOPER and BELINDA ONIELLE,

                Defendants.

_____ /

**REPORT AND RECOMMENDATION**

      On July 13, 2016, Plaintiff Bruce J. Hall filed a *pro se* civil complaint that appears to arise out of the termination of his employment at the General Motors Corporation. He names as Defendants Al Cooper and Belinda Onielle.[1]  On November 28, 2016, pursuant to my order requiring a more definite statement [Doc. #17], Mr. Hall filed an "expanded complaint" [Doc. #18].  I recommend that the Court *sua sponte* dismiss his complaint under Fed.R.Civ.P. 12(b)(1) because the allegations are "attenuated, unsubstantial, frivolous, [and] devoid of merit...." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

**I.    FACTS**

      The original complaint [Doc. #1] was vague and unclear about the basis for federal jurisdiction. It appears that Mr. Hall was terminated based on his alleged failure of a drug test following a "last chance agreement."  He cited 42 U.S.C. § 1981, 42 U.S.C. § 1983, and "Article 3 Section 2 Clause (1) Portal to Portal Act," and appended genealogical material showing the descendants of Jean Baptiste Chevalier, who was born in 1677 in

---

[1] It is unclear whether the correct spelling is "Onielle" or "O'Neill," but because the former is used in the case caption, I will use that spelling.

Montreal, Quebec.  However, Mr. Hall did not state any *facts* that would support any federal claim.  Moreover, he did not name Defendants Al Cooper or Belinda Onielle in the body of the complaint, much less set forth any *facts* showing how they violated any of his federally protected rights.

Because his complaint lacked clarity as to what rights Mr. Hall claimed were violated, and what role, if any, Defendants Cooper and Onielle had in the violation of any rights, I ordered Mr. Hall to file an amended complaint [Doc. #17].  In my order, I stated:

> "Plaintiff Bruce Hall must file an amended complaint that complies with Rule 8(a). He must state, plainly and simply, what each Defendant did that was in violation of his federal rights, and what specific federal rights he claims were violated."

Mr. Hall was also advised that if he "does not comply with this order by submitting an amended complaint that complies with Rule 8(a), the Court may dismiss his complaint."

On September 28, 2016, Mr. Hall filed an "answer for order of expanded complaint," which I construe as his amended complaint [Doc. #18].  He states, in conclusory fashion, that Defendant Cooper "drafted a last chance agreement that its language violates civil rights 1968 Native American civil rights act and 42 U.S.C. 2000e-3(a)." He further states that "Belinda O'Neil carried it out," and that he "would have been fired if [he] had not signed this agreement." He asks for the same relief granted in "EEOC v. Congis Corp. and McVey v. National Organizations,"[2] and also asks that his employment be reinstated under 42 U.S.C. § 1983.

## II.   STANDARD OF REVIEW

---

[2] Mr. Hall did not provide citations for these cases.  I have identified the McVey case as *McVey v. National Organization Service, Inc.*, 719 N.W.2d 801 (Iowa Supreme Court, 2006).

A Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Rule 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief.

### III.   DISCUSSION

While Mr. Hall has now at least named Defendants Cooper and Oneille in the body of the complaint, he has still failed to specifically allege what they did to violate a federal

right.  He alleges that Cooper required him to sign a "last chance agreement" and that Onielle "carried it out," but he does not causally link that to the violation of a federally protected right.  The last chance agreement appears to have been related to a positive drug test.

The specific federal statutory provisions that Mr. Hall cites do not provide any plausible basis for relief.  42 U.S.C. 2000e-3(a) provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  Nowhere in his complaint does Mr. Hall allege facts showing that he engaged in any protected conduct under the statute, or that he was discriminated against because of protected conduct.

In citing the Indian Civil Rights Act, Mr. Hall is apparently referring to 25 U.S.C. § 1301 *et seq*., which makes a number core Constitutional protections applicable within Tribal governments.  The present case is not being brought in a Tribal court, and Mr. Hall does not explain how the Act is applicable to his case.  His claim that the language of the last chance agreement "on its face" violated the Indian Civil Rights Act is unexplained, and he has not attached the agreement or cited its language.

The *McVey* case was decided by the Iowa Supreme Court, and dealt with an employer's claimed non-compliance with State of Iowa requirements for drug testing. There were no federal claims in that case, and it has no applicability to the present case.

Mr. Hall cites IRS form 8845, which is used by employers to claim a tax credit for employment of American Indians.  He states, "This all started from the production of a

-4-

tax credit IRS form 8845 Indian employment credit early Feb. 2015." He goes on to state, "I was discharged 7 days later for posting future GM property where none existed. In the time I have been working for GM not once has the tax credit been used." General Motors' failure to request a tax credit in no way infringes upon or diminishes any rights that Mr. Hall may have had. I have no idea what "posting future GM property" means, but that cryptic statement has no bearing on whether *these* Defendants violated Mr. Hall's federally protected rights. Moreover, the only factual claims against Defendants Cooper and Onielle involves the last chance agreement, which in turn was related to an allegation of drug use. They had no claimed involvement in the decision to not request a tax credit or to "posting future property."

Mr. Hall and Defendants Cooper and Onielle, who I assume were his supervisors, were all employed by General Motors, a non-government corporation. 42 U.S.C. § 1983 applies to States, not to private actors. To state a claim under § 1983, a plaintiff must allege the deprivation of a federal constitutional or statutory right by a defendant "acting under color of law." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999).

Finally, to the extent that Mr. Hall is suggesting that he was wrongfully terminated based on his racial or national origin status as an American Indian, such claim is purely conclusory.[3] He has failed to plausibly plead facts to show that he was treated differently from similarly situated employees who were not members of a protected class, or that there is any causal connection between his own membership in a protected class and his being fired. Indeed, his complaint, including his citation to the *McVey* case, is focused

---

[3] Before filing an employment discrimination complaint under Title VII, 42 U.S.C. § 2000e-5(e), a plaintiff must first exhaust administrative remedies and receive a "right to sue letter" from the Equal Employment Opportunity Commission. *See Williams v. Northwest Airlines, Inc.*, 53 Fed.Appx. 350, 351 (6th Cir.2002) (exhaustion of administrative remedies is a condition precedent to a Title VII action).

more on his allegation that the drug test was done improperly or that it yielded inaccurate results.  Nor does he offer specific facts as to how these two Defendants–who, according to the complaint, merely promulgated a last chance agreement–were personally involved in any discriminatory actions.

In conclusion, Mr. Hall's complaint and "expanded complaint" fail the *Apple* test, and are not in compliance with my order for more definite statement [Doc. #17], in which I warned him that failure to file an amended complaint that complies with Rule 8(a) could result in dismissal.  This case should therefore be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

## IV.   CONCLUSION

I recommend that the Court *sua sponte* dismiss Mr. Hall's complaint under Fed.R.Civ.P. 12(b)(1) and *Apple v. Glenn, supra*.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2017

## CERTIFICATE OF SERVICE

I hereby certify on June 21, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to non-registered ECF participants June 21, 2017.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen

-7-